**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| WSLW INVESTMENTS, LLC, | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. 6:21-cv-139 |
| V. | § | |
| | § | |
| MAXUM INDEMNITY COMPANY, | § | |
| *Defendant* | § | |

_____

**MAXUM INDEMNITY COMPANY'S
NOTICE OF REMOVAL**
_____

Defendant Maxum Indemnity Company ("Maxum"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action: Cause No. 20-1477-A – *WSLW Investments, LLC v. Maxum Indemnity Company*, In the 7th Judicial District Court of Smith County, Texas.  In support of this Notice of Removal, Maxum respectfully submits the following:

1.     WSLW Investments, LLC ("Plaintiff") commenced the state court action by filing its Original Petition (the "Complaint") on July 6, 2020, in the 7th Judicial District Court, Smith County, Texas.  Maxum was served no earlier than March 16, 2021, which is the date the citation was issued.

2.     Maxum has requested certified copies of all process, pleadings, and orders from the 7th Judicial District Court of Smith County, Texas.  A certified copy of the state court's file is attached as Exhibit "A".[1]

3.     Plaintiff is a domestic limited liability company.  On information and belief, Plaintiff's only managing members are William R. Melton and Shelley D. Melton.  According to Plaintiff's Certificate of Formation of a Domestic Limited Liability Company, filed with the Texas

_____

[1] Exhibit "A" – Certified State Court File.

Secretary of State on November 16, 2015, Plaintiff's governing members both list 2045 Dressage Lane, Tyler, Texas as their address. [2]   Both members are citizens of the state of Texas. Accordingly, Plaintiff is a citizen of Texas for diversity jurisdiction purposes.

4.      The Complaint avers generally that Maxum is a "foreign entity authorized to engage in the insurance business in the State of Texas."[3]   In fact, Maxum is a Connecticut corporation whose principal place of business is in the State of Connecticut.  Accordingly, Maxum is a citizen of Connecticut for diversity purposes.

5.      The Complaint also alleges that Plaintiff seeks "monetary relief of $100,000 or less."[4]

6.      Maxum does not admit the underlying facts as alleged by Plaintiff in the Complaint or as summarized above.  Maxum expressly denies that it has any liability to Plaintiff.

7.      This Notice of Removal is filed within 30 days of service of the Original Petition and is therefore timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

8.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and this matter is removable to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[2] Exhibit "B" – Certificate of Formation of a Domestic Limited Liability Company.

[3] Exhibit "A" – Certified State Court File at p. 27, ¶ 2 (Plaintiff's Complaint).

[4] *Id*. at p. 28, ¶ 4 (Plaintiff's Complaint).

## CITIZENSHIP

9.      Plaintiff is a Limited Liability Company organized under the laws of Texas, whose governing members are all citizens of Texas.[5]  Maxum is incorporated in Connecticut with its principal place of business in Connecticut.  Complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

10.      Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[6]  Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[7]  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[8]

11.      Here, it is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds $75,000.  Plaintiff seeks up to $100,000 based on the Texas state court Rule 47 pleading contained in the Complaint.[9]  Specifically, the Complaint alleges:

> Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to completion of discovery in the case, is to seek, monetary relief of $100,000 or less and non-monetary relief, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages.  Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses, and additional evidence is compiled.  Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence  presented to the jury at trial.[10]

---

[5] Exhibit "B" – Certificate of Formation of a Domestic Limited Liability Company.

[6] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).

[7] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[8] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[9] Exhibit "A" – Certified State Court File at p. 28, ¶ 4 (Plaintiff's Complaint).

[10] *Id.*

12.     The Complaint does not include a binding stipulation that damages sought are $75,000 or less to remain below the minimum amount for diversity jurisdiction.[11]  Plaintiff also seeks mental anguish and treble/exemplary damages.[12]  The trebling of Plaintiff's damage claims, clearly exceeds $75,000 without consideration of penalties, attorneys' fees and exemplary damages.[13]  Accordingly, the amount in controversy exceeds $75,000.

13.     While Plaintiff's Original Petition states that "at this time, Plaintiff . . . seeks monetary relief of $100,000 or less,"[14] this allegation does not set the amount in controversy for purposes of determining federal jurisdiction.[15]  Therefore, the amount in controversy in this case exceeds $75,000 and jurisdiction is proper in this court.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## REMOVAL PROCEDURE

14.     The clerk of the 7th Judicial District Court of Smith County, Texas has been provided with notice of this Removal.

15.     The following related documents are attached to this notice and incorporated here by reference:

    a.  Index of Matters being filed;
    b.  List of all Parties and Counsel of Record;
    c.  Exhibit "A" – Certificate of Formation of a domestic Limited Liability Company.

---

[11] In fact, before the suit was filed, Plaintiff submitted correspondence to Maxum asserting that its actual damages are $88,667.57, and asserting a claim for treble damages, adding another $177,335.14 to the amount claimed.  The referenced correspondence is attached to this Removal as Exhibit C, and incorporated by reference for the limited purpose of identifying Plaintiff's claimed amount.

[12] Exhibit "A" – Certified State Court File at pg. 33 under the heading "XI.  Prayer" (Plaintiff's Complaint).

[13] *Martinez v. Allstate Tex. Lloyd's*, No EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16 -*17 (W.D. Tex. Nov, 22, 2016) (denying Plaintiff's motion to remand when the trebling of Plaintiff's actual damages exceeded $75,000); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at *7 -*8 (S.D. Tex. Feb. 18, 2016) (same); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-*15 (S.D. Tex. June 16, 2010) (same).

[14] Complaint at ¶ 4.

[15] *Chavez*, 2016 WL 641634, at *6 - *7 (citing *Ford v. United Parcel Service, Inc.*, 2014 WL 4105965 at *4), N.D. Texas Aug 21, 2014).

    d.   Exhibit "B" – Documents contained in the state court file from the 7th Judicial District Court of Smith County, including Plaintiff's Original Petition filed on July 6, 2020 and the citation issued on March 16, 2021.

    e.   Exhibit "C" – Correspondence dated April 28, 2020.

## **CONCLUSION**

10.    Based on the foregoing, Maxum Indemnity Company removes this case to this Court for trial and final determination.

Respectfully submitted,

*/s/ Martin* R. Sadler
Martin R. Sadler
Texas Bar No.: 00788842
Federal ID No. 18230
sadler@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77058
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

ATTORNEY-IN-CHARGE FOR DEFENDANT,
MAXUM INDEMNITY COMPANY

OF COUNSEL:

E. R. Hamilton
Texas Bar No.: 24068685
Federal ID No.: 1322622
HamiltonE@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77058
Telephone:  (713) 418-2000
Facsimile:  (713) 418-2001

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on this, the 12th day of April 2021, a true and correct copy of the foregoing document was served on all known counsel of record by electronic transmission, pursuant to the Federal Rules of Civil Procedure and applicable Local Rules, as follows:

Preston J. Dugas, III
preston@pjdlawfirm.com
Carin "CJ" Evans
evans@pjdlawfirm.com
PRESTON DUGAS LAW FIRM, PLLC
1701 River Run, Suite 703
Fort Worth, Texas  76107

                                    */s/ Martin* R. Sadler
                                      Martin R. Sadler